The pleas were, "Conditions performed and not broken, and tender and refusal."
On the trial the defendant proved the tender of two deeds to the plaintiff before the commencement of the action. The first, dated 8 March, 1825, assured to the plaintiff in fee a tract of land "lying and being in the State of Tennessee in the county of Weakly, on the middle branch of the south fork of the Obian River, being a part of two patents granted to John G. and Thomas Blount, beginning, etc., containing 1,500 acres."
By the second deed, dated 18 April, 1825, a tract of land was conveyed to the plaintiff in fee, described as "one undivided half of the ninth part of a tract of land in the State of (462) Tennessee, beginning, etc., on the south fork of the Obian River, running thence, etc., containing, by estimation, 24,000 acres."
It was in proof that the defendant had title to one-ninth of the land described in the last recited deed, that the land had been identified before the summer of 1824, and that the county of Weakly, within which the land was situate, had been established at that time, and courts of justice opened therein.
His Honor, Judge Martin, left it to the jury to determine whether the tender of the deeds was in substance and effect a tender of such a conveyance as was required by the condition of the bond, and informed them that they were to inquire into the value of the land, and were at liberty to give interest upon that value, provided it did not, with the damages, exceed the penalty of the bond. The jury returned a verdict for the plaintiff to the amount of the penalty, and gave interest thereon from the date of the writ, whereupon the defendant appealed.
I think very clearly that the question whether the deeds tendered were such as the condition of the bond required, was one of law; for what were the obligations of the defendant was a question of law, and the deeds being offered in performance of those obligations, the same *Page 309 
tribunal therefore should decide both. What ought to be done was a question of law; what had been done one of fact. But as the jury came to the proper conclusion, the judge was right in refusing a new trial.
The bond required an equal and fair portion, a half of a tract of 3,000 acres, belonging to the said Shepard and lying on the Obian River in the State of Tennessee. The deed of 8 March, 1825, was for 1,500 acres lying in the State of Tennessee in the county of Weakly, on the south fork of the Obian River, being part of two patents, granted, etc. This may be a part of the lands owned by Shepard at the date of the bond and it may be an equal and fair portion, a half of a tract of 3,000 acres; but these facts do not appear. Shepard may not have owned the land at the date of the bond; it may not be half of a 3,000-acre tract, and, if it is, it may not be an equal and fair portion. It may be the most inferior part; non constat, therefore, that the obligations of the bond were offered to be performed. As to the deed of 18 April, 1825, it is still more defective. It is deficient in quantity, and it has all the defects before pointed out, except that as tenant in common the grantee would be entitled to a fair partition. It is for one-half of one-ninth of 24,000 acres, less by nearly 160 acres than Shepard was bound to convey.
But as the jury assessed the damages beyond the penalty of the bond, and as a judgment has been rendered according to the verdict, the judgment must be reversed as to such excess in damages. The judgment therefore is that the plaintiff recover $3,000, with interest thereon from the rendition (464) of the judgment in the court below, with costs to that court. This Court having reversed in part the judgment of the Superior Court, the plaintiff must pay the costs here.
PER CURIAM. Judgment affirmed.
Cited: Hathaway v. Hinton, 46 N.C. 243; Brock v. King, 48 N.C. 45;Chaffin v. Lawrence, 50 N.C. 179; Terry v. R. R., 91 N.C. 236. *Page 310